**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Robert Yanda,

Plaintiff,

v.

**Memorandum of Law and Order**
Civil File No. 03-6411 (MJD/AJB)

Norman Mineta, Secretary,
Department of Transportation,

Defendant.

---

Brenda Lewison, Knight & Associates, SC, and Sandra R. Boehm, Sandra R. Boehm Ltd, Counsel for Plaintiff.

Patricia R. Cangemi, Assistant United States Attorney, Counsel for Defendant.

---

## I. INTRODUCTION

This matter is before the Court on Defendant's Motion for Summary Judgment. [Docket No. 33.] Plaintiff alleges he was discriminated against on the basis of his age in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 633(a). The Court heard oral arguments on February 24, 2006.

## II. FACTUAL BACKGROUND

### A. Process for Re-hiring Controllers

Robert Yanda, a former air traffic controller, brought this action alleging he

was not rehired because of age discrimination. Yanda worked as an air traffic controller from 1970 to 1981 and was a member of the Professional Air Traffic Controllers Organization (PATCO). PATCO organized a strike in 1981, and President Ronald Reagan terminated the strikers for an illegal strike, barring them from future employment with the Federal Aviation Administration (FAA). In 1993, President William Clinton lifted the ban on re-employment. Later that year, the FAA issued Recruitment Notice 93-01 for ex-PATCO members to reapply with the federal government as air traffic controllers. Yanda applied for employment and was deemed eligible for re-employment as an air traffic control specialist. The FAA compiled a register of eligible applicants with their location preferences for distribution to regional managers. Applicants were assigned to the list of their first preference. Yanda listed his geographic preference as Minneapolis.

At some time in 1998 Yanda changed his geographic preference to Chicago. During this time the Minneapolis center planned to hire 13 air traffic controllers from the PATCO register, and the FAA sent a list of 98 eligible candidates who had expressed interest in that center. The Minneapolis center did not notify anyone on the list that it was hiring, but it eventually offered positions to 13 individuals from the PATCO list. This was the only time that ex-PATCOs were considered for selection at the Minneapolis center. However, other fired PATCO applicants have been hired at the Minneapolis center as a result of settlements

regarding complaints filed against the FAA.

Yanda was not included on the 1998 list sent to Minneapolis because at the time his geographic preference was Chicago. Later in 1998 Yanda switched his preference back to Minneapolis, where it has remained.

Since 1998, the Minneapolis center has hired individuals for air traffic controller positions from pools of applicants that included current air traffic controllers who requested a transfer to the Minneapolis center or recent graduates of two programs, namely, the Minneapolis Community and Technical College Air Traffic Control Training Program (MARC) or the Collegiate Training Initiative (CTI).

**B. Yanda's Complaints**

**1. 1999 Complaints**

Yanda contacted an EEO counselor on February 3, 1999 complaining of age discrimination in FAA hiring. (Def. Ex. 3, Attach. A, Doc. 1.) He filed a complaint of discrimination on April 14, 1999, alleging that the FAA discriminated against him when he was not hired for a position at the Minneapolis Center. (Id. Doc. 4.) A final agency decision (FAD) dismissing Yanda's complaint was issued on July 7, 1999. (Id. Doc. 5.) Yanda's complaint was dismissed because at the time of the Minneapolis Center hiring Yanda was listed on the Chicago list, not the Minneapolis list. (Id.)

Yanda appealed the FAD to the EEOC Office of Federal Operations (OFO). The EEOC affirmed the FAD on March 26, 2001. (Def. Ex. 3, Attach. A, Doc. 6.) Yanda did not file a civil action within the required 90 days of the EEOC decision and the matter was closed.

**2. 2003 Complaints**

On March 22, 2003, Yanda became aware of subsequent acts of alleged age discrimination by the FAA when he received a package containing "information about discriminatory hiring practices engaged in by the DOT/FAA/Great Lakes Region." (Id. Attach. B, Doc. 2.) Yanda contacted an EEO counselor on May 2, 2003, complaining that "younger, less qualified ex-PATCO Controllers were hired before him because of his age." (Id. Doc. 1 at 3.) On May 14, 2003 Yanda filed a second complaint of discrimination in which he complained that individuals "less than half [his] age with no real-time experience and with minimal qualifications were hired during the time that [he] was available for reinstatement." (Id. Doc. 2 at 2.)

On May 29, 2003, an FAD dismissed the May 2003 complaint for two reasons. (Id. Doc. 3.) First, it determined that any allegations relating to the Minneapolis Center before 1999 had been addressed in the earlier case. Second, it reasoned that Yanda had not contacted a counselor within 45 days of the hiring that occurred in Chicago in 1998 and Yanda had not exercised due diligence in

their pursuit, making his complaints untimely. (Def. Ex. 3.)

On September 29, 2003 the EEOC issued a decision affirming the May 2003 FAD dismissing Yanda's 2003 complaints. (Id. Doc. 4.) Yanda proceeded to file the current suit within the required 90 days of the EEOC's decision. The Court has heard and denied a Motion to Dismiss based on lack of jurisdiction and failure to state a claim filed by Defendant.

### 3. Facts Relating to the Hiring of Torgrimson and Fortier

On April 6, 2003, the Minneapolis Center hired two individuals, Tanya Torgrimson and Sean Fortier. (Pl. Ex. 2.) Both individuals were recent graduates of CTI. As part of its hiring process, the FAA grouped individuals into "source lists" based on their relevant experience. For example, individuals who graduated from the MARC or CTI programs were included on those lists, internal transferees were included on a separate list and ex-PATCOs were placed on a third list. The FAA would then consult a specific source list when looking to fill an air traffic control position. Both Torgrimson and Fortier were hired off of the CTI list. (Id.) The Minneapolis Center has not chosen to hire off of the ex-PATCO list since 1998.

## III. DISCUSSION

There are four issues for this summary judgment motion. First, whether Yanda preserved any pre-1999 claims of age discrimination. Second, whether

Yanda was timely in his 2003 contact with his EEOC counselor. Third, whether Yanda exhausted administrative remedies. Finally, whether Yanda's claims of discrimination survive summary judgment under the burden shifting analysis set forth in McDonnell Douglas Corp. v. Green. 411 U.S. 792, 802 (1973).

**A. Summary Judgment Standard**

Summary judgment is appropriate if the evidence demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The non-moving party need not prove a material factual dispute, but must demonstrate the existence of specific disputed facts, not allegations or denials, that show a genuine issue for trial. Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

The court must view the summary judgment record in a light most favorable to the non-moving party. Webb v. Garelick Mfg., 94 F.3d 484, 486 (8th Cir. 1996). Because discrimination cases often turn on inferences rather than direct evidence, we are particularly deferential to the nonmovant. Crawford v. Runyon, 37 F.3d 1338, 1341 (8th Cir. 1994). Indeed, the Eighth Circuit has stated that "summary judgment should seldom be granted in employment discrimination cases." Id. at 1341. Notwithstanding these considerations, summary judgment is proper when a plaintiff fails to establish a factual dispute on an essential element

of her case." Helfter v. United Parcel Serv., Inc., 115 F.3d 613, 616 (8th Cir. 1997).

**B. Pre-1999 Allegations**

Both parties agree that any pre-1999 allegations were addressed in Yanda's 1999 administrative complaints and are not at issue in the present matter. Accordingly, to the extent that Yanda included pre-1999 allegations in his Complaint, those allegations are dismissed.

Yanda further concedes that language in his Complaint regarding hiring at the Chicago and Kansas City Centers should similarly be dismissed as he is not challenging these actions. Excluding references to these hirings, two instances of allegedly discriminatory hiring by the FAA remain, namely the hiring of Tanya Torgrimson and Sean Fortier in the spring of 2003.

**C. 2003 Allegations**

**1. Whether Yanda Timely Contacted a Counselor**

29 C.F.R. § 1614.105(a) sets forth the process a person must follow to complain of discrimination. It provides:

> Aggrieved persons who believe they have been discriminated against on the basis of . . . age . . . must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter.
> (1) An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.

29 C.F.R. § 1614.105(a). The agency is required to dismiss any complaint that does not comply with the time limits set forth in § 1614.105(a). 29 C.F.R. § 1614.105(a)(2).

The Court finds that Yanda's 2003 complaints regarding Torgrimson and Fortier were timely as they were made within the requisite forty-five days of the matter alleged to be discriminatory. The Supreme Court held in National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002), that consecutive failures to hire should not be considered under a continuing violation theory, and instead each failure to hire should be looked at as separate and discreet with its own time limitation. See also Torres v. Mineta, No. 04-0015, 2005 WL 1139303, at *4 (D.D.C. May 13, 2005) (unpublished) (quotations omitted) ("An act of discrimination-such as . . . failure to hire . . . necessarily takes place on a particular day. That is the day the discriminatory act ocurred and thus the day from which the statute of limitations runs."). Thus, the forty-five day deadline would begin to run each time the FAA allegedly hired a younger, less qualified individual on the basis of age. Any selections not made within forty-five days of Yanda's 2003 complaint are untimely and are dismissed. Two acts of alleged discrimination, those relating to Torgrimson and Fortier, fall within the forty-five days preceding Yanda's complaint and are timely. Accordingly, summary judgment relating to the allegedly discriminatory hiring of Torgrimson and Fortier is denied. All other

acts of alleged discrimination are untimely and summary judgment relating to them is granted.

**2. Whether Yanda Exhausted Administrative Remedies**

Defendant argues that all claims relating to the Kansas City Center should be dismissed as Yanda failed to exhaust administrative remedies in their pursuit. Yanda concedes that he is not advancing discrimination claims based on Kansas City hiring. Accordingly, summary judgment is granted as to any claims based on hiring out of the Kansas City center.

**3. Whether Yanda Stated a Claim of Age Discrimination**

Because Yanda presented no direct evidence of discrimination, his discrimination claims are analyzed under the burden shifting analysis of McDonnell Douglas Corp. v. Green. 411 U.S. 792, 802 (1973). Yanda must first establish a prima facie case of discrimination. If he establishes the prima facie case, then Defendant must articulate a legitimate, nondiscriminatory reason for its actions. Finally, the burden shifts back to Yanda to present evidence that the employer's proffered reason for its action is merely a pretext for discrimination. Al-Zubaidy v. TEK Indus., 406 F.3d 1030, 1036 (8th Cir. 2005).

Within this framework, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." Hannoon v. Fawn Eng'g Corp., 324 F.3d 1041, 1046

(8th Cir. 2003) (citation omitted). In cases where the prima facie case is strong, the plaintiff may meet its ultimate burden creating a triable issue for the jury by demonstrating that the defendant's proffered reason is pretextual. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 148 (2000) (citation omitted).

**a. Prima Facie Case of Age Discrimination**

To state a prima facie case of age discrimination, Yanda must establish that (1) he is a member of a protected group of over 40 (2) he was otherwise qualified for the relevant position, (3) he was not hired, and (4) a person substantially younger than him was hired. Chambers v. Metro. Prop. & Cas. Co., 351 F.3d 848, 856 (8th Cir. 2003).

Both parties concede that Yanda has established a prima facie case of age discrimination as he is over 40, was qualified for the relevant position, was not hired, and the FAA hired people substantially younger than him.

**b. Non-discriminatory Reason for Decision**

Because Yanda has established a prima facie case, the burden shifts to Defendant to articulate a nondiscriminatory reason for its decision. Defendant has met this burden. Specifically, the FAA maintains that it had a legitimate business reason for placing all ex-PATCOs on a separate list, as the FAA faced the possibility of thousands of ex-PATCO applicants upon their reinstatement by President Clinton. Thus, the FAA formulated a plan to segregate the applicants

based on geographic preference in order to handle the anticipated amount of applications. Further, all of the post-1999 hires were graduates of the MARC and CTI programs. Because these programs were developed by Defendant, its choice to select applicants who had recently completed them was reasonable and legitimate.

**c. Pretext**

Because Defendant provided a non-discriminatory reason, the presumption of discrimination disappears, and Yanda can only avoid summary judgment if he presents evidence that considered in its entirety, (1) creates a question of material fact as to whether Defendant's proffered reasons are pretextual and (2) creates a reasonable inference that age was a determinative factor in Defendants' failure to hire Yanda. Hindman v. Transkrit Corp., 145 F.3d 986, 991 (8th Cir. 1998). Otherwise stated, in order to survive summary judgment, Yanda "must 'prove by a preponderance of the evidence that the legitimate reasons offered by Defendant were not its true reasons, but were a pretext for discrimination.'" Hitt v. Harsco Corp., 356 F.3d 920, 924 (8th Cir. 2004) (citation omitted).

The Court finds that Yanda has met this burden and summary judgment is accordingly denied. Yanda points to three categories of evidence, which, viewed in the light most favorable to him, create a genuine issue of material fact as to whether Defendant's proffered reason is pretext.

Yanda argues that inconsistencies in the testimony of FAA employees undermine Defendant's nondiscriminatory reason. Yanda challenges the statement made by FAA employee, Chris Zurales, that, "[n]o decision was made not to hire the Plaintiff, rather the decision was made to select from applicants who had more recent experience (veterans) or recent education in FAA sponsored or approved (i.e. MARC or CTI) programs." (Pl. Ex. 2 at 3.) Yanda suggest that this response is incorrect because no veterans were hired between 2001 and 2005 and Zurales works in the Great Lakes Regional Office, not at the Minneapolis Center. (Pl. Ex. 2 at 7.)

Yanda also challenges a statement made by Garry George, an individual involved in the Minneapolis Center hiring, that "between 1999 and January 2005, all of the people hired at the Minneapolis Center into air traffic controller positions were either current FAA air traffic controllers who requested a transfer to Minneapolis Center or they were recent graduates of the MARC program." (George Dep. at 11.) Yanda asserts that this statement is incorrect because no transfers occurred during this time and the Minneapolis Center hired three individuals through the CTI program.

Changes over time in the employer's proffered reason for its employment decision support a finding of pretext. Young v. Warner-Jeninson Co., 152 F.3d 1018, 1023 (8th Cir. 1998); Kobrin v. Univ. of Minn., 34 F.3d 698, 703 (8th Cir.

1994). However, the Court does not find the testimony identified by Yanda to amount to a change in Defendant's proffered reason as they contain only minor factual inconsistencies. Defendant has consistently maintained that it chose to hire individuals with the most relevant experience. Even considering these factual inconsistencies, Defendant's hiring rationale has not changed and does not support an inference of pretext in this case.

Yanda next argues that Defendant has failed to provide evidence supporting their decision as to why individuals with more recent experience were preferable to the FAA. However, the Court can make no inference from Defendant's lack of evidence supporting its decision as it is Yanda's burden to show that the legitimate, nondiscriminatory reason is pretext. Hannoon, 324 F.3d at 1046.

Finally, Yanda relies on evidence from previously litigated cases involving the FAA's hiring of ex-PATCOs to assert that Defendant had a propensity towards age discrimination. The Eighth Circuit has held that evidence regarding discrimination of other employees on the basis of age is admissible. Estes v. Dick Smith Ford, Inc., 856 F.2d 1097, 1104 (8th Cir. 1988) overruled on other grounds by Foster v. Univ. of Ark., 938 F.2d 111 (8th Cir. 1991). In that case, the Eighth Circuit stated:

> Circumstantial proof of discrimination typically includes unflattering testimony about the employer's history and work practices-evidence which in other kinds of cases may well unfairly prejudice the jury against the defendant. In discrimination cases, however, such

> background evidence may be critical for the jury's assessment of whether a given employer was more likely than not to have acted from unlawful motive.

Id.

The 1998 hiring of ex-PATCOs resulted in numerous age discrimination cases. The Minneapolis Center ultimately hired 13 individuals, none of whom were over the age of 55. An EEOC administrative law judge found against the FAA/DOT on a motion for summary judgment, holding that the FAA/DOT had discriminated against ex-PATCOs on the basis of age. Adsit v. Slater, EEOC Dec. 260-A0-9050x, et. seq., 13-14 (July 18, 2000).

Garry George testified in that case that:

> When I was a trainer manager, I went to national training conferences, and one of the discussion points would be, lots of training managers, and of those who had hired PATCO's, how are they doing? And there was not a lot of positive feedback about how they were doing. Good people, nice people, try hard, just had been out of it, out of the environment for a long time, was extremely difficult for people to certify, and a substantial number had not certified after several years of reviewing.
>
> * * *
>
> The opinion of some were that it was, it was too difficult to certify because those hired had been out of air traffic too long, had been out of controlling too long. **A standard in air traffic is, it's a young person's game**. And it's not until recently that controllers were into their 50's, have made controlling into their 50s . . . so typically an air traffic controller, people in their 50s, certainly 65s, it's not-it's not an easy job.

(George Dep. 6/21/2000 at 83-84) (Emphasis added.)

George further testified that at the time they did the hiring, the hiring committee understood it was acceptable to hire someone who was 45 over the person who was 55 based on his or her age. (Id. at 72.) Further, the analysis by the ALJ in Adsit v. Slater, reasoned that the FAA's decision to include an applicant's age as part of the selection criteria and to use age as a selection criteria was direct evidence of age discrimination. Adsit, EEOC Dec. 260-A0-9050x, et. seq., at 14.

The Court determines that based on the cumulative evidence, Yanda has provided a material factual dispute that Defendant's proffered reasons were merely pretext for discrimination and has created a reasonable inference that age was a determinative factor in Defendant's failure to hire Yanda. Statements made by the decision makers in this case reveal strong evidence of discriminatory animus in the decisional process.

By segregating ex-PATCOs onto separate lists, Defendant essentially categorized applicants according to age. All recent graduates are subject to the rule made pursuant to 5 U.S.C. § 3307(b) that newly hired air traffic controllers be younger than thirty. Conversely, all ex-PATCOs are necessarily over the age of forty as they were terminated in 1981, twenty-five years ago. The fact that Defendant has not even checked to determine if applicants from the ex-PATCO list have recent, relevant experience creates a reasonable inference that the

segregation was merely a proxy for age discrimination. This process, combined with the highly suspect language in the testimony of Gary George combine to satisfy Yanda's burden of establishing pretext. Therefore, Defendant's motion for summary judgment regarding the alleged age discrimination at the Minneapolis Center is denied.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion for Summary Judgment [Docket No.33] is **GRANTED IN PART** and **DENIED IN PART** as set forth in this memorandum;
   a. Yanda's claims remain only as to alleged discriminatory hiring of two individuals, Tonya Torgrimson and Sean Fortier.
   b. All other claims are dismissed.

Dated: May 15, 2006

s / Michael J. Davis
Judge Michael J. Davis
United States District Court